*41 OPINION of the Court, by
Judge Owsiife
Allen having the beneficial interest in an execution which issiv-ed, upon a replevy bond against the executors of Moore, purchased at the sheriff ’s sale a tract of land, at the price of $>400, To he relieved against .this pinchase, *42 •and recover back the price given for the land, Jflen ⅛⅜ hibited his bill in equity ; in which he charges the land was not liable to the, execution, and that the executors, with a full knowledge of the situation of the title, and to relieve the personal estate from the execution^ delivered the tract of land to the sheriff to be sold, and that he was induced by the representations of the executors to make the purchase. On a hearing in the court below, that court made a decree giving the appropriate relief,’ from which decree Moore’s executors have prosecuted this appeal.
We are of opinion Allen has made out a proper cáse for relief, and that the court below properly decreed accordingly. There is no doubt hut the land was hot liable to the execution under which it was sold, and it is clear from the evidence in the cause the executors had full knowledge of the situation of the title, and with that knowledge delivered the land in ease of the personal estate to be sold ; and it is moreover evident that knowledge was not disclosed by the executors to Allen, but he was induced to purchase by the representations of one of the executors of Moore. Under circumstances like these, whatever might haye been our opinion in a different state of case, we can have no doubt but that, Allen is entitled to relief. He has sustained an injury, produced by their act, by which they have been benefit-ted, and consequently should be compensated by them.
Decree affirmed with costs and damages.